# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:12-cv-02824-JPM-cgc |
| | ) | |
| SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:12-cv-02825-JPM-tmp |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER DENYING MOTION TO TRANSFER VENUE

Before the Court is the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (see Civil Case No. 12-2824, ECF No. 27; Civil Case No. 12-2825, ECF No. 31), of Defendants Samsung Telecommunications America, Inc. ("STA"), and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung"),[1]

---

[1] STA "is a wholly owned subsidiary of [SEA]." (Civil Case No. 12-2824, ECF No. 27-13, ¶ 2.)

filed January 22, 2013.[2]  For the reasons that follow, the Motion
is DENIED.

## I.    BACKGROUND

This case concerns Samsung's alleged infringement of United
States Patent No. 6,771,290 (the "'290 patent").  (Civil Case
No. 12-2824, ECF No. 1; Civil Case No. 12-2825, ECF No. 1.)
Plaintiff B.E. Technology, LLC ("Plaintiff" or "B.E."), is the
assignee of the '290 patent (Civil Case No. 12-2824, ECF No. 34,
at 2; Civil Case No. 12-2825, ECF No. 38, at 2), currently
owning "all right, title, and interest in the '290 patent, and
has owned all right, title, and interest throughout the period"
of the alleged infringement (Civil Case No. 12-2824, ECF No. 1,
¶ 10; Civil Case No. 12-2825, ECF No. 1, ¶ 7).

### A.    Civil Case No. 12-2824

B.E. alleges that STA infringed "the '290 patent by using,
selling, and offering to sell in the United States tablet
computer products that directly infringe at least Claim 2 of the
'290 patent either literally or under the doctrine of
equivalents."  (ECF No. 1 ¶ 11.)  The STA products alleged to
infringe the '290 patent include "Samsung Smart Phones: Galaxy

---

[2] Because the Motions to Transfer Venue of STA and SEA are identical, the
Court will refer to the Motion to Transfer Venue on STA's docket, Civil Case
No. 12-2824, at ECF No. 27.  Additionally, B.E. Technology, LLC's Responses
to the Motion to Transfer Venue, and STA and SEA's Replies in support of
their Motion to Transfer Venue are identical.  Accordingly, the Court will
refer to the Response and Reply on STA's docket, Civil Case No. 12-2824, at
ECF No. 34 and ECF No. 37.

S, Galaxy S 4G, Galaxy S II, Captivate, Continuum, Droid Charge, Galaxy S III, Epic 4G, Fascinate, Exhibit 4G, Galaxy Ace, Galaxy Prevail, Gem, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S 4G, Replenish, Vibrant; Smart Tablets: Galaxy Note 10.1; Galaxy Tab; Galaxy Player 5.0." (Id.)

B.E. filed a Complaint in this Court on September 21, 2012. (ECF No. 1.) STA filed its Answer to the Complaint on December 31, 2012 (ECF No. 22), and its Motion to Transfer Venue on January 22, 2013 (ECF No. 27). On January 29, 2013, STA filed a Motion to Stay pending resolution of its Motion to Transfer Venue. (ECF No. 30.) The Court granted STA's Motion to Stay on February 8, 2013. (ECF No. 33.) B.E. filed its Response in opposition to STA's Motion to Transfer Venue on February 8, 2013. (ECF No. 34.) With leave of Court (ECF No. 36), STA filed a Reply in support of its Motion to Transfer on February 21, 2013 (ECF No. 37).

**B.    Civil Case No. 12-2825**

B.E. alleges that SEA infringed "the '290 patent by using, selling, and offering to sell in the United States tablet computer products that directly infringe at least Claim 2 of the '290 patent either literally or under the doctrine of equivalents." (ECF No. 1 ¶ 8.) The SEA products alleged to infringe the '290 patent include "Smart TVs: LED 8000 Series Smart TV, Plasma 8000 Series Smart TV, LED 7500 Series Smart TV,

3

LED 7550 Series Smart TV; Smart Blu-Ray/DVD Players: BD-E6500, BDES6000, BD-E5900, BD-E5700, BD-EM57C, BD-EM59C." (Id.)

B.E. filed a Complaint in this Court on September 21, 2012. (ECF No. 1.) SEA filed its Answer to the Complaint on December 31, 2012 (ECF No. 26), and its Motion to Transfer Venue on January 22, 2013 (ECF No. 31). On January 29, 2013, SEA filed a Motion to Stay pending resolution of its Motion to Transfer Venue. (ECF No. 34.) The Court granted SEA's Motion to Stay on February 8, 2013. (ECF No. 37.) B.E. filed its Response in opposition to SEA's Motion to Transfer Venue on February 8, 2013. (ECF No. 38.) With leave of Court (ECF No. 40), SEA filed a Reply in support of its Motion to Transfer on February 21, 2013 (ECF No. 41).

## C.  Motion to Transfer Venue[3]

Samsung seeks to transfer this case to the District of New Jersey. (ECF No. 27-1 at 1.) In the alternative, Samsung seeks to transfer this case to the Northern District of California. (Id. at 16.) STA is headquartered in Texas and maintains offices in New Jersey, and SEA is headquartered in New Jersey. (Id. at 1) Samsung argues that the "patent infringement actions have no meaningful connection to [the Western District of Tennessee]." (Id.) In support, Samsung asserts the following:

---

[3] All references to the Motion to Transfer Venue, Response in opposition to the Motion to Transfer Venue, and Reply in support of the Motion to Transfer Venue, will be to those documents filed in Civil Case No. 12-2824. See supra note 2 and accompanying text.

4

that B.E. has only a tenuous connection to the Western District of Tennessee as there are few relevant witnesses and documents that are likely to be located in this district; that the vast majority of evidence from Defendants is located in the District of New Jersey; that the District of New Jersey is more convenient for the relevant witnesses in the instant action; and that the "alleged acts of infringement bear a much greater relation to the District of New Jersey than to the [Western District of Tennessee]." (Id.)

B.E. opposes Samsung's Motion to Transfer Venue. (ECF No. 34.) B.E. is a limited liability company incorporated in Delaware. (Id. at 2.) B.E. was originally registered in Michigan, but formally registered to conduct business in Tennessee in September 2012. (Id. at 3.) B.E. contends that Memphis, Tennessee, is its principal place of business. (Civil Case No. 12-2824, ECF No. 1, ¶ 2.) Martin David Hoyle ("Hoyle"), B.E.'s founder and CEO, is the named-inventor of the '290 patent. (ECF No. 34 at 1, 2.) Hoyle has been a resident of Tennessee since April, 2006. (Id.)

B.E. argues that transfer is inappropriate because it has substantial connections with this district. B.E. argues that Hoyle has been "present in this District since 2006, and B.E. since at least 2008," and this district is B.E.'s principal place of business. (Id. at 5.) B.E. also argues that none of

its witnesses are located in the District of New Jersey. (Id. at 9.) Furthermore, B.E. argues that its corporate documents, including documents relating to the "conception and reduction to practice" of the patents-in-suit, are located in this District. (Id. at 8.)

## II. STANDARD

Samsung moves the Court to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (ECF No. 27-1 at 1.) The statute provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009).

In determining whether to transfer a case under § 1404(a), the court must first determine whether the claim could have been brought in the transferee district. 28 U.S.C. § 1404(a) (allowing transfer to any other district in which the claim "might have been brought"). Once the court has made this threshold determination, the court must then determine whether party and witness "convenience" and "the interest of justice"

favor transfer to the proposed transferee district.  <u>Reese</u>, 574
F.3d at 320; <u>Esperson v. Trugreen Ltd.</u>, No. 2:10-cv-02130-STA-
cgc, 2010 WL 4362794, at *5 (W.D. Tenn. Oct. 5, 2010), <u>adopted</u>
2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010).  In weighing these
statutory factors, the court may still consider the private- and
public-interest factors set forth in the pre-Section 1404(a)
case, <u>Gulf Oil v. Gilbert</u>, 330 U.S. 501, 508-09 (1947), but
courts are not burdened with "preconceived limitations derived
from the forum non conveniens doctrine."  <u>Norwood v.
Kirkpatrick</u>, 349 U.S. 29, 31 (1955) (quoting <u>All States Freight
v. Modarelli</u>, 196 F.2d 1010, 1011 (3d Cir. 1952)) (internal
quotation marks omitted); <u>Esperson</u>, 2010 WL 4362794, at *5.  The
United States Court of Appeals for the Sixth Circuit has stated
that when deciding "a motion to transfer under § 1404(a), a
district court should consider the private interests of the
parties, including their convenience and the convenience of
potential witnesses, as well as other public-interest concerns,
such as systemic integrity and fairness, which come under the
rubric of 'interests of justice.'"  <u>Moore v. Rohm & Haas Co.</u>,
446 F.3d 643, 647 n.1 (6th Cir. 2006).

Additionally, the "interest of justice" factor has been
interpreted broadly by courts, influenced by the individualized
circumstances of each case.  The United States Court of Appeals

for the Federal Circuit has set forth a non-exhaustive list of
pertinent public-interest factors:

> The public interest factors include (1) the
> administrative difficulties flowing from court
> congestion; (2) the local interest in having localized
> interests decided at home; (3) the familiarity of the
> forum with the law that will govern the case; and (4)
> the avoidance of unnecessary problems of conflicts of
> laws or in the application of foreign law.

In re Acer Am. Corp., 626 F.3d 1252, 1254 (Fed. Cir. 2010); see
also In Re Nintendo Co., Ltd., 589 F.3d 1194, 1198 (Fed. Cir.
2009) (finding the local-interest factor weighed heavily in
favor of transfer); Cincinnati Ins. Co. v. O'Leary Paint Co.,
676 F. Supp. 2d 623, 633 (W.D. Mich. 2009) (considering
additional factors such as the relative docket congestion of the
transferor and transferee districts).

Initially, B.E. argues that there is a strong presumption
in favor of its choice of forum, and its choice of forum should
not be disturbed unless the defendant carries its burden to
demonstrate that the balance of convenience strongly favors
transfer. (ECF No. 34 at 5-6.) B.E.'s argument is erroneously
derived from the more stringent forum-non-conveniens standard.
Compare Hunter Fan Co. v. Minka Lighting, Inc., No. 06-2108
Ml/P, 2006 WL 1627746 (W.D. Tenn. June 12, 2006) (applying the
appropriate private- and public-interest factors but relying on
the forum-non-conveniens doctrine to accord strong deference to
the plaintiff's choice of forum), with OneStockDuq Holdings, LLC

v. Becton, Dickinson, & Co., No. 2:12-cv-03037-JPM-tmp, 2013 WL
1136726, at *3 (W.D. Tenn. Mar. 18, 2013), and Roberts Metals,
Inc. v. Florida Props. Mktg. Grp., Inc., 138 F.R.D. 89, 92-93
(N.D. Ohio 1991) (recognizing defendants need to make a lesser
showing to overcome plaintiff's choice of forum under
§ 1404(a)), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994).
Although there is a strong presumption in favor of the
plaintiff's choice of forum under the doctrine of forum non
conveniens, under § 1404(a), a plaintiff's choice of forum may
be considered, but is entitled to less deference.  Discussing
the difference between the common-law doctrine of forum non
conveniens and the federal transfer-of-venue statute in Norwood,
the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to
> do more than just codify the existing law on forum non
> conveniens. . . . [W]e believe that Congress, by the
> term "for the convenience of parties and witnesses, in
> the interest of justice," intended to permit courts to
> grant   transfers   upon   a   lesser   showing   of
> inconvenience.   This is not to say that the relevant
> factors have changed or that the plaintiff's choice of
> forum is not to be considered, but only that the
> discretion to be exercised is broader.

Norwood, 349 U.S. at 32; see also Lemon v. Druffel, 253 F.2d
680, 685 (6th Cir. 1958) ("The choice of the forum by the
petitioner is no longer as dominant a factor as it was prior to
the ruling in Norwood v. Kirkpatrick[.]"); Esperson, 2010 WL
4362794, at *5-6.

Defendant's burden under § 1404(a) is to demonstrate that a change of venue to the transferee district is warranted.  See Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *2 (W.D. Mich. May 18, 2011); Amphion, Inc. v. Buckeye Elec. Co., 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003); Roberts Metals, Inc., 138 F.R.D. at 93.  "Merely shifting the inconvenience from one party to another does not meet Defendant's burden."  McFadgon v. Fresh Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005).  "[T]he movant must show that the forum to which he desires to transfer the litigation is the *more convenient one vis a vis* the Plaintiff's initial choice."  Roberts Metals, Inc., 138 F.R.D. at 93 (quoting Mead Corp. v. Oscar J. Boldt Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)) (internal quotation marks omitted).  If the court determines that the "balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of [forum] should prevail."  Stewart v. Am. Eagle Airlines, Inc., No. 3:10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010).

**III. ANALYSIS**

Samsung asserts that B.E. could have brought this action in the District of New Jersey. (See ECF No. 27-1 at 8.)  B.E. does not dispute this assertion. (See ECF No. 34 at 4.)  The Court agrees with the parties that B.E. could have brought this suit in the District of New Jersey as personal jurisdiction over

10

Samsung exists in that district.  Therefore, the only issue remaining is whether the balance of the statutory factors — the convenience to the witnesses, the convenience to the parties, and the interest of justice — favors transfer to the District of New Jersey.  The Court will address each statutory factor separately and balance these factors to determine whether transfer to the District of New Jersey pursuant to § 1404(a).  The Court will then address whether, alternatively, transfer to the Northern District of California is appropriate.

## A.    Convenience of the Witnesses

When asserting that a transferee district is more convenient for witnesses, a party "must produce evidence regarding the precise details of the inconvenience" of the forum chosen by the plaintiff.  Esperson, 2010 WL 4362794, at *8.  To satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district."  Id. (quoting Roberts Metals, Inc., 138 F.R.D. at 93).  Further, "[t]o sustain a finding on [this factor] . . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality of evidence and the degree of

inconvenience." Eaton v. Meathe, No. 1:11-cv-178, 2011 WL
1898238, at *3 (W.D. Mich. May 18, 2011) (quoting Rinks v.
Hocking, 1:10-CV-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb.
16, 2011)) (internal quotation marks omitted). It is the
"materiality and importance of the testimony of prospective
witnesses, and not merely the number of witnesses," that is
crucial to this inquiry. Rinks, 2011 WL 691242, at *3.

Samsung contends that witness convenience favors transfer
to the District of New Jersey. (See ECF No. 27-1 at 10-11; ECF
No. 37 at 9.) To support this contention, Samsung asserts that
"[a]ll potential witnesses from SEA with relevant knowledge
concerning the [accused products] work at SEA's offices in
Ridgefield Park, New Jersey, and reside nearby" (Decl. Of Daniel
Schinasi, ECF No. 27-14, ¶ 7), and that "the majority of
potential witnesses from STA . . . work at STA's offices in
Richardson, Texas, and reside nearby" but "travel to Samsung's
facilities in Ridgefield, New Jersey[,] in connection with the
employment at STA" (Decl. of Justin Denison, ECF No. 27-13,
¶¶ 8, 12). Samsung asserts that Justin Denison, Chief Strategy
Officer at STA, located in Richardson, Texas, will be likely to
testify at trial as he has knowledge of the marketing, sale, and
relevant financial information related to the accused STA
products. (Id. ¶¶ 1-2, 4, 8.) Samsung also asserts that the

12

following SEA employees located in Ridgefield Park, New Jersey, will be likely to testify at trial:

- Daniel Schinasi, Senior Manager in Product Planning/Home Entertainment Marketing, and approximately ten employees who "would have relevant knowledge concerning marketing, sales, and financial information on the accused Smart TV's;"

- Travis Merrill, Director of Marketing for Galaxy products, and at least five employees who "would have . . . relevant knowledge concerning marketing, sales, and financial information on the accused non-cellular equipped tablets and media players;"

- James Kiczek, Director of Marketing for digital audio and video products, William Hadam, Senior Manager in Home Entertainment Marketing, and at least three employees who "would have . . . relevant knowledge concerning marketing, sales, and financial information on the accused Blu-ray Disc players and home theater systems;"

- Brian Nowlin, Senior Manager of Mobile Computing Marketing, and at least eight employees who "would have . . . relevant knowledge concerning marketing, sales, and financial information on the accused personal computers;"

- Individuals in the Solutions Group who would "have relevant knowledge about the Third Party Software and relevant communications with or knowledge of the Third Parties;" and

- "Other employees with knowledge of the design and operation of the of the Accused SEA Products."

(Decl. Of Daniel Schinasi, ECF No. 27-14, ¶¶ 7(a)-(e).) Samsung further asserts that "it is likely to call as witnesses relevant [t]hird [p]arties who have developed the software and services that B.E. Technology alleges are used to infringe the '290 patent." (ECF No. 27-1 at 12.)

In response, B.E. argues that "transfer to [the District of New Jersey] would be equally inconvenient to B.E.'s witnesses, none of whom is located in the District of New Jersey." (See ECF No. 34 at 9.) B.E. identifies Hoyle, the named-inventor of the patents-in-suit and founder and CEO of B.E., as its key witness who is located in the Western District of Tennessee. (Id. at 7-8.)

Because the convenience of party and non-party witnesses is given different weight, the Court will analyze the potential witnesses separately. See Azarm v. $1.00 Stores Servs., Inc., No. 3:08-1220, 2009 WL 1588668, at *4 (M.D. Tenn. June 5, 2009) ("[T]he convenience of potential non-party witnesses, who are not subject to the control of the parties, is a particularly

weighty consideration, because it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not.").

### 1. Party Witnesses

Samsung asserts that "it would be far more convenient and much less costly for Samsung's witnesses if these cases were litigated in the District of New Jersey." (ECF No. 27-1 at 10.) Samsung contends that SEA employees likely to be called as witnesses are located in Ridgefield Park, New Jersey, which is a thirty minute drive from the federal courthouse, and that STA employees regularly travel to the New Jersey facility in connection with their employment. (Id. at 10-11.) Samsung contends that its identification of six named SEA employees, as well as their areas of knowledge, is "more than sufficient to 'enable the court to assess the materiality of evidence and the degree of inconvenience.'" (ECF No. 37 at 8 (quoting Rinks, 2011 WL 691242, at *3).)

Samsung, however, cannot satisfy its burden in demonstrating that the convenience of its employees favors transfer to the District of New Jersey. First, while Samsung argues that given the close proximity of its New Jersey facility to the federal courthouse makes the District of New Jersey a "far more convenient" forum for its employees (ECF No. 27-1 at

15

11), Samsung does not address the fact that it would be less convenient for B.E.'s witnesses, which B.E. asserts do not reside in the District of New Jersey (ECF No. 34 at 9). Furthermore, STA's employees are located in Texas, not New Jersey, and would have to travel to the designated forum whether it is the Western District of Tennessee or the District of New Jersey. Therefore, because § 1404(a) provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," the distance of travel for employee witnesses does not weigh in favor of transfer. Hunter Fan, 2006 WL 1627746, at *2 (citing Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)).

Second, Samsung does not provide any evidence showing that any STA or SEA employees will be unwilling to testify in this district if asked to do so or how such employees will be "severely inconvenienced" if the case proceeds in this district. See Esperson, 2010 WL 4362794, at *8. Moreover, courts have noted that "normally a corporation is able to make its employees available to testify when needed." Clark v. Dollar Gen. Corp., No. 3-00-0729, 2001 U.S. Dist. LEXIS 25975, at *9 (M.D. Tenn. Mar. 6, 2001); see also Zimmer Enters. V. Atlandia Imps., Inc., 478 F. Supp. 2d 983, 991 (S.D. Ohio Mar. 14, 2007) (finding that the convenience of witnesses who are employees "will not ordinarily be considered, or at least, that the convenience of

such employees will not generally be given the same consideration as is given to other witnesses"). Accordingly, it appears that Samsung's employees will be able to attend absent any evidence to the contrary.

Third, Samsung has not carried its burden in demonstrating that the majority of the material witnesses in this case reside in the District of New Jersey. Although Samsung identifies six SEA employees by name, it does not address (1) what the testimony of such additional material witnesses will be; (2) whether such witnesses will be unable to attend; or (3) whether and to what extent such witnesses will be inconvenienced by testifying in this district. Additionally, Samsung provides even less information regarding which STA employees are likely to testify and as to what matters they will testify. These "bare allegations" that STA and SEA employees will have pertinent knowledge about the devices is insufficient to enable this court "to ascertain how much weight to give a claim of inconvenience." <u>Rinks</u>, 2011 WL 691242, at *3. While B.E. did not specifically identify any witnesses beyond Hoyle, B.E. does not have the burden to do so. Despite B.E. not identifying any individuals beyond Hoyle, Samsungs' identification of individuals as potential witnesses without any additional information regarding why their knowledge is relevant and what matters they are likely to testify about does not satisfy its

burden on this factor.  Additionally, a simple numerical advantage in potential witnesses is insufficient on the issues raised by a motion to transfer.

### 2. Non-Party Witnesses

While convenience to party witnesses is an important consideration, "it is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." Steelcase Inc. v. Smart Techs., 336 F. Supp. 2d 714, 721 (W.D. Mich. Mar. 5, 2004) (citation omitted) (internal quotation marks omitted).

Samsung states that "[m]any of the software and services identified by B.E. Technology as allegedly infringing were not developed by SEA or STA, but were instead developed by third parties." (ECF No. 27-1 at 2-3.)  Samsung further states that "it is likely to call as witnesses relevant [t]hird [p]arties who have developed the software and services that B.E. Technology alleges are used to infringe the '290 patent." (Id. at 12.)  While these third parties are not located in the District of New Jersey, they are also not located in the Western District of Tennessee, which means that it will be equally difficult to compel their testimony. (Id. at 12.)  Samsung asserts that the District of New Jersey would be more convenient for possible third-party witnesses as there are "many more options for non-stop travel to New Jersey than to Tennessee."

(Id. at 11 (citing Optimum Power Solutions LLC v. Apple, Inc.,
794 F. Supp. 2d 696, 701 (E.D. Tex. 2011)).)

B.E. argues that the convenience of third-party witnesses
is not entitled to great weight in the instant case because
Samsung has not established that the "third party witness
testimony will be material or important." (ECF No. 34 at 13.)

Samsung has not met its burden. First, the fact that the
compulsory process for unwilling third-party witnesses is
unavailable in both the District of New Jersey and the Western
District of Tennessee means that this factor is neutral.
Additionally, Samsung has not disclosed the particulars of the
testimony of the potential non-party witnesses, nor why
depositions of non-party witnesses would be inadequate and live
testimony from non-party witnesses required. To the extent the
non-party witnesses' testimony may be presented by deposition,
witness inconvenience would not be an issue. Samsung's general
statements about relevant third-party witness testimony are not
sufficient to allow the Court to determine whether live
testimony of Samsung's non-party witnesses is necessary.
Further, Samsung does not state whether it is aware that any of
the non-party witnesses would be unwilling to testify in the
Western District of Tennessee if asked to do so. As a result,
this factor does not weigh in favor of transfer.

**B.  Convenience of the Parties**

Samsung argues that "the District of New Jersey is a more convenient forum to litigate these actions that the Western District of Tennessee." (ECF No. 27-1 at 1.)  While Samsung organizes its arguments somewhat differently than the Court, the Court finds the considerations relevant to the convenience-of-the-parties factor are the location of the sources of proof and the parties' financial hardships due to litigation in the chosen forum.

**1.  Location of Sources of Proof**

Samsung states that "a large number of the potentially relevant documents and things related to the Accused Products — including samples of many of the Accused Products themselves — are located at SEA's headquarters in the District of New Jersey." (ECF No. 27-1 at 9.)  Further, Samsung states that "[e]ven STA stores potentially relevant financial information on servers in New Jersey." (Id.)  Samsung argues that B.E., on the other hand, "does not appear to have any business operations in Tennessee other than asserting these patents and, therefore, is not likely to have a large number of documents relevant to these litigations." (Id.)

While B.E. does not contest that SEA stores its documents in New Jersey, and that STA stores potentially relevant financial documents on servers in New Jersey, it notes that its

own sources of proof are located in Tennessee and have been maintained there for years. (ECF No. 34 at 12.) B.E. also contends that "the location of relevant documentary evidence is increasingly less important in deciding motions to transfer," and that because documents can be exchanged electronically, the weight given this factor should be minimal. (Id. at 14-15.)

As an initial matter, the Court disagrees with B.E.'s contention that advances in electronic document transfer reduce the importance of the location-of-sources-of-proof factor. This notion has been expressly rejected by the Federal Circuit. See, e.g., In re Link_A_Media Devices Corp., 662 F.3d 1221, 1224 (Fed. Cir. 2011) (reversing a district court that did not consider the factor, stating, "While advances in technology may alter the weight given to these factors, it is improper to ignore them entirely"); In re Genentech, Inc., 566 F.3d 1338, 1345-46 (Fed. Cir. 2009) (finding clear error where a district court "minimized the inconvenience of requiring the petitioners to transport their documents by noting that '[t]he notion that the physical location of some relevant documents should play a substantial role in the venue analysis is somewhat antiquated in the era of electronic storage and transmission'" (quoting Sanofi-Aentis Deutschland GmbH v. Genentech, Inc., 607 F. Supp. 2d 769, 777 (E.D. Tex. 2009))).

The Court agrees that it is likely that the sheer volume of documents Samsung has in its possession outnumbers the patent-related documents in B.E.'s possession, but the Court disagrees that this is enough to tip the balance in favor of transfer. The Court finds that both parties maintain documents in their respective districts and that both sets of documents will be integral to the proceedings. Samsung's reliance on In re Nintendo and L&P Property Management Co. v. JTMD, LLC, No. 06-13311, 2007 WL 295027 (E.D. Mich. Jan. 29, 2007), is misplaced. (See ECF No. 27-1 at 13.) In both of those cases the courts found there were no relevant documents in the transferor district, therefore transfer was appropriate. See In Re Nintendo, 589 F.3d at 1199-1200; L&P Prop. Mgmt. Co., 2007 295027, at *4. In the instant case, B.E. has shown that relevant documents are located in Tennessee. Taken together, the aforementioned facts indicate that as to the location of the sources of proof, the District of New Jersey is a somewhat more convenient venue for the parties to the instant case. This factor, however, is not sufficient, by itself, to require transfer.

### 2. Financial Hardships Attendant to Litigating in the Chosen Forum

Samsung argues that "substantially all of SEA's relevant witnesses are located in the District of New Jersey." (ECF

No. 37 at 7; see also ECF No. 27-1 at 1.) Accordingly, Samsung

contends that it will be "less costly for Samsung's witnesses if

these cases were litigated in the District of New Jersey." (ECF

No. 27-1 at 10.) Samsung asserts that it would be inconvenient

for the SEA employees likely to testify as witnesses to travel

to Memphis, Tennessee. (Decl. Of Daniel Schinasi, ECF No. 27-

14, ¶¶ 12-13.)

B.E. states that it "would face a financial burden by

having to litigate in the District of New Jersey." (ECF No. 34

at 15.) B.E.'s CEO Hoyle states that he will "personally suffer

a financial harm if this case is transferred" as he "maintain[s]

a technology consulting firm in Tennessee . . . [and as] a

consultant, [is] typically paid only for the hours [he] works."

(Hoyle Aff., ECF No. 34-1, ¶ 9.) B.E. also states that "[i]t is

reasonable to require companies with the wealth and size of the

Samsung defendants to litigate in jurisdictions in which they

regularly conduct business." (ECF No. 34 at 8-9.) B.E. further

asserts that the "Samsung defendants [do] not contend that they

are financially incapable of bearing the expense of litigating

in the Western District of Tennessee." (Id. at 15.)

The Court has considered "the relative ability of litigants

to bear expenses in any particular forum" among the factors in a

§ 1404(a) case. Ellipsis, Inc. v. Colorworks, Inc., 329 F.

Supp. 2d 962, 970 (W.D. Tenn. 2004). In the instant case,

B.E.'s CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company. Further, while Hoyle stated that his personal financial status would be adversely affected by litigating in the District of New Jersey, he did not state why or how his personal finances would impact B.E., the party to the instant case. B.E. has shown that Samsung has the ability to bear expenses in this forum, but the Court does not find this to be a dispositive factor in denying Samsung's Motion. But see Siteworks Solutions, LLC v. Oracle Corp., No. 08-2130-A/P, 2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) (finding the relative financial strengths of the parties did not weigh in favor of transferring the case, as the party opposed to transfer showed it "ha[d] no net worth, very little revenue, no gross profits, no assets, and [would have to] borrow from its owners in order to pay the litigation expenses"). The Court finds that the evidence presented is insufficient to make a showing that B.E. or Samsung will be adversely affected by litigating in either forum. The paramount consideration remains whether the District of New Jersey is more convenient to the parties than B.E.'s chosen forum.

With respect to convenience, the Court finds this factor does not weigh in favor of transfer. While Samsung has made a showing that it would be inconvenient for its witnesses to

travel to Memphis, Tennessee, for the instant litigation, B.E. has made an equal showing that its business would be disrupted in having to litigate the instant case in New Jersey. Accordingly, Samsung has shown that the District of New Jersey would be a more convenient forum for it, but it has not shown that the District of New Jersey is a more convenient forum for both parties.  As a result, the hardship to Samsung does not indicate that transfer to the District of New Jersey is more convenient.

### C.   Interests of Justice

Samsung argues that transfer to the District of New Jersey is appropriate based on additional considerations that pertain to the interests-of-justice factor.  (ECF No. 27-1 at 13-15; ECF No. 37 at 10-11.)  These considerations include the "public-interest concerns, such as systemic integrity and fairness," of the proceedings.  See Moore, 446 F.3d at 647 n.1.  In the instant case, the Court will consider the relative trial efficiency of the transferee and transferor districts and the localized interest in the litigation.

### 1.   Trial Efficiency

Samsung argues that "in 2011, the average docket of pending cases per judge was higher in the Western District of Tennessee (499) than in the District of New Jersey (419)."  (ECF No. 27-1 at 14.)  Samsung further argues that "the average life span of a

civil case from filing to disposition was around 5.5 months

longer in [the Western District of Tennessee] than in the

District of New Jersey." (Id.) Accordingly, with roughly

similar levels of congestion, "cases are disposed of slightly

faster in New Jersey than in [the Western District of

Tennessee]." (Id.)

B.E. argues that transfer to the District of New Jersey

"would likely delay trial of this case by at least one year."

(ECF No. 34 at 16.) B.E. cites the 2012 Federal Court

Management Statistics for both districts to illustrate that the

median time from filing to trial, in the twelve-month period

ending on September 30, 2012, was 35.6 months in the District of

New Jersey, while the median time from filing to trial in the

Western District of Tennessee during that same time was 18.8

months. (Id. (citing ECF No. 34-4).)

The Court finds this factor neutral to its determination of

whether the District of New Jersey is the more convenient forum.

### 2. Local Interest

Samsung argues that the District of New Jersey has strong

local ties to the instant case because "the District of New

Jersey is the center of gravity for this case" and is the home

to SEA and all relevant SEA witnesses and documentary evidence,

"as well as a forum where employees of STA . . . regularly

conduct business." (ECF No. 27-1 at 14.) Accordingly, New

Jersey "has a strong local interest in resolving claims involving its residents." (Id.) Further, Samsung asserts that B.E.'s ties to the Western District of Tennessee should be discounted because it manufactured those ties in anticipation of litigation. (Id. at 13-14.)

B.E. argues that the Western District of Tennessee has a substantial local interest in the instant case because the holder of the patent-in-suit is located in the district. (ECF No. 34 at 17.) B.E. also asserts that its ties to Tennessee are not "recent, ephemeral, or manufactured for the purposes of litigation." (Id.) Hoyle stated that he has resided in the Western District of Tennessee since 2006, that Memphis is B.E's principal place of business, and that the sources of proof pertinent to the instant case are located in the district. (Hoyle Aff., ECF No. 34-1, ¶¶ 2-4, 7-8.)

The Court finds that this factor does not weigh in favor of transfer. While SEA undeniably has strong local ties to the District of New Jersey, STA is not located in that District. Additionally, the Court finds that B.E.'s connection to the Western District of Tennessee was not manufactured for the purposes of litigation as B.E.'s founder and CEO, who is also the holder of the patent-in-suit, has resided in the district for seven years. Accordingly, the Western District of Tennessee has an equal interest in the instant litigation as the District

of New Jersey.  As a result, Samsung has not demonstrated that
the District of New Jersey's local interest outweighs that of
the Western District of Tennessee.

In summary, the Court finds that, in balancing the
statutory factors, Samsung has not met its burden in
demonstrating that the District of New Jersey is a more
convenient forum than the Western District of Tennessee.

**D.  Transfer to the Northern District of California**

Samsung states that, while it believes the appropriate
venue for the instant litigation is the District of New Jersey,
it "would consent alternatively to a transfer to the Northern
District of California." (ECF No. 27-1 at 16.)  Samsung asserts
that several third parties are seeking transfer to the Northern
District of California, and that those parties will have
documents and evidence related to the instant case.  (Id.)
Accordingly, transfer to the Northern District of California
would "benefit judicial economy and the interests of justice."
(Id.)  Additionally, Samsung asserts that the Northern District
of California is a more convenient place to litigate B.E.'s
claims than the Western District of Tennessee.  (Id.)

Motions to transfer venue pursuant to § 1404(a) are
adjudicated "according to an individualized, case-by-case
consideration of convenience and fairness . . . [and] balance
[of] a number of case-specific factors."  Stewart Org., Inc. v.

28

Ricoh Corp., 487 U.S. 22, 29 (1988); accord United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc., 667 F. Supp. 2d 987, 992 (W.D. Tenn. 2010).  Accordingly, the Court will not consider the mere possibility of other cases involving B.E. being transferred to the Northern District of California in considering whether to transfer the instant case to the Northern District of California.  Further, while Samsung argues that the Northern District of California is a more convenient forum than the Western District of Tennessee, Samsung does not provide any support for this argument other than the conclusory statement that it is more convenient.  As a result, the Court has no basis to conclude that the Northern District of California would be a more convenient forum than the Western District of Tennessee. Therefore, transfer to the Northern District of California would not be appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Samsung's Motion to Transfer Venue is DENIED.  Accordingly, the Court hereby LIFTS the February 8, 2013, stay of all proceedings.  (Civil Case No. 12-2824, ECF No. 33; Civil Case No. 12-2825, ECF No. 37.)

As a result of the stay being lifted, STA's response to B.E.'s pending Motion to Strike (Civil Case No. 12-2824, ECF No. 29), filed January 25, 2013, is due three (3) days from the entry of this Order.  Additionally, SEA's response to B.E.'s

pending Motion to Strike (Civil Case No. 12-2825, ECF No. 33), filed January 25, 2013, is also due three (3) days from the entry of this Order

    **IT IS SO ORDERED** this 12th day of July, 2013.


                              s/ Jon P. McCalla_____
                              CHIEF U.S. DISTRICT JUDGE